UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No: 5:13-CR-270-BR
No. 5:15-CV-304-BR

BILLY LEE HIGHSMITH        )
                           )
                           )
         v.                )
                           )                ORDER
                           )
UNITED STATES OF AMERICA   )
                           )

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 55.)

On 2 December 2013, pursuant to a plea agreement, petitioner pled guilty to one count of distribution of a quantity of cocaine base. As part of the plea agreement, petitioner agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

(Pl. Ag., DE # 24, ¶ 2(c).) By judgment entered 9 July 2014, petitioner was sentenced to 234 months imprisonment. The same day, petitioner appealed. On 30 July 2014, petitioner filed a motion to dismiss the appeal pursuant to Federal Rule of Appellate Procedure 42(b), United States v. Highsmith, No. 14-4534 (4th Cir.), which the court of appeals allowed the following day, (DE # 48), and then issued its mandate, (DE # 49).

Petitioner filed his § 2255 motion on 8 July 2015. (DE # 50.) He then filed a motion to amend/supplement his § 2255 motion on 23 July 2015. (DE # 54.) Because the government

had not yet filed an answer or other response to the § 2255 motion, petitioner is entitled to amendment as of right, see Fed. R. Civ. P. 15(a)(1), and the court will allow the motion to amend.

In response to petitioner's filings, the government filed the instant motion to dismiss. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the government contends that petitioner has failed to state any claim entitling him to relief.

> It is well established that a motion filed under Rule 12(b)(6) challenges the legal sufficiency of a complaint, and that the legal sufficiency is determined by assessing whether the complaint contains sufficient facts, when accepted as true, to "state a claim to relief that is plausible on its face." This plausibility standard requires only that the complaint's factual allegations "be enough to raise a right to relief above the speculative level."

Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) (citations omitted). This same standard applies equally to a Rule 12(b)(6) motion challenging a § 2255 motion. See Walker v. Kelly, 589 F.3d 127, 138-39 (4th Cir. 2009) (recognizing that the standards of Rule 12(b)(6) apply to the government's motion to dismiss a habeas corpus motion under § 2254).

Petitioner asserts the following claims in his § 2255 motion: (1) his sentence is procedurally unreasonable and violates his due process and substantial rights because the court used his "'bare arrest record'" to partially justify its upward departure; (2) the court violated his due process rights by failing to follow the sentencing guidelines in upwardly departing; (3) the court erred in failing to reduce petitioner's offense level three levels for acceptance of responsibility; and (4) ineffective assistance of appellate counsel. In his motion to amend/supplement, petitioner raises an additional claim related to computation of points for his criminal history and career offender status.

Relying on petitioner's waiver in his plea agreement, the government contends that

2

petitioner waived his first three claims and the claim asserted in his motion to amend/supplement. "[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner suggests nothing irregular about his plea. At petitioner's plea hearing, the court found that petitioner had entered into the plea agreement freely and voluntarily. There is no ground for altering that determination, and the court will enforce petitioner's waiver of post-conviction rights contained within the plea agreement. Having so found, the court must determine whether petitioner's claims are within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 171 n.10 (4th Cir. 2005). Petitioner's first three claims and the claim he raises in his motion to amend/supplement concern sentencing guideline errors the court supposedly made in determining petitioner's sentence. Petitioner's plea agreement waives all § 2255 claims *except* those based on ineffective assistance of counsel or prosecutorial misconduct not known to petitioner at the time of his plea. The sentencing errors about which petitioner complains fall within the scope of his post-conviction waiver, and therefore, they will be dismissed.

Petitioner's remaining claim is based on ineffective assistance of appellate counsel and obviously falls outside the scope of the post-conviction waiver. "To show a violation of the Sixth Amendment right to effective assistance of counsel, a defendant must prove (1) 'that [his] counsel's performance was deficient' and (2) 'that the deficient performance prejudiced the defense.'" United States v. Baker, 719 F.3d 313, 318 (4th Cir. 2013) (citation omitted) (alteration in original).

> Regarding the first prong, a lawyer's performance is deficient when his representation falls "below an objective standard of reasonableness," as measured

3

> against "prevailing professional norms." "[T]he reasonableness of counsel's challenged conduct," in turn, is judged "on the facts of the particular case, viewed as of the time of counsel's conduct." To guard against hindsight bias and unfair "second-guess[ing]," a defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."
> 
> The range of reasonable professional assistance is just as wide on direct appeal as it is at trial. In particular, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal . . . .

Id. (citations omitted) (alterations in original).

Specifically, petitioner contends that appellate counsel was ineffective "when counsel 'advised the petitioner to dismiss his appeal because the government 'said' that it would not recommend any future cuts if the appeal was to continue'." (Mem., DE # 50-1, at 8.)[1] According to petitioner, this conduct is unethical, and, had counsel not advised him to dismiss the appeal, he would have been able to raise the "sentencing procedure violations" on direct appeal. (Id. at 9.) The court concludes that petitioner is not entitled to relief on this claim.

First, it appears that petitioner freely consented to dismissal of the appeal. Attached to the motion to dismiss the appeal is a document signed by petitioner, stating in pertinent part, "After discussing this appeal with my attorney, Daniel M. Blau, I have decided that it is in my best interest to request a voluntary dismissal of this appeal. I therefore agree with the motion for voluntary dismissal filed by my attorney and ask this Court to grant the motion." Second, and more importantly, it was entirely reasonable for petitioner's appellate counsel to advise him to dismiss the appeal in hopes that if he did so, the government would more likely be inclined to file a Rule 35(b) motion for a reduction of his sentence based on substantial assistance. This is particularly so in light of the fact that petitioner's appeal waiver barred any appeal except one

---

[1] Page citations are the page numbers generated by cm/ecf.

4

from a sentence in excess of the applicable advisory guideline range, which petitioner's sentence was not.[2] Given that petitioner's appeal would have likely been dismissed in any event had the government filed a motion to dismiss the appeal, counsel did not act deficiently by recommending that petitioner dismiss his appeal to curry favor with the government. Because appellate counsel did not act deficiently, petitioner has failed to state a claim.[3]

Petitioner's motion to amend/supplement is ALLOWED. The government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 23 October 2015.

_____
W. Earl Britt
Senior U.S. District Judge

---

[2] Defendant's advisory guideline range was 235-293 months. By virtue of a downward departure, an upward departure, and the government's U.S.S.G. § 5k1.1 motion, the court arrived at a sentence of 234 months, which is below the advisory guideline range.

[3] The court reaches this conclusion without considering the affidavit attached to the government's memorandum in support of its motion.